HANAUER v. BRADSTREET'S COLLECTION BUREAU.

(Supreme Court, Appellate Term, First Department.   May 9, 1916.)

1. WITNESSES �köö321—IMPEACHMENT—RIGHT TO CONTRADICT ONE'S OWN WITNESS.

Although a party may contradict the testimony of its own witness, it may not impeach his credibility.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1094, 1099, 1100; Dec. Dig. ⊂⊃321.]

2. NEW TRIAL ⊂⊃108(1)—NEWLY DISCOVERED EVIDENCE—SUFFICIENCY.

A new trial will not be granted on the ground of newly discovered evidence which would not be sufficient to establish the material elements of the plaintiff's case.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 226; Dec. Dig. ⊂⊃108(1).]

3. NEW TRIAL ⊂⊃102(6)—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

The original certificate of defendant's incorporation, executed over a year before the trial, showing that a witness was one of the original directors, was not newly discovered evidence, as the plaintiff, who had attempted to furnish evidence on the same point through the alleged director, could have discovered it before the trial, if he had thought it necessary.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 212; Dec. Dig. ⊂⊃102(6).]

4. NEW TRIAL ⊂⊃90—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

Where a party chooses to rely on an adverse witness to supply a necessary link in his chain of evidence, and then finds that his confidence was misplaced, he will not be granted a new trial to supply other evidence, which he could have obtained before the trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 181–183; Dec. Dig. ⊂⊃90.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jacob Hanauer against the Bradstreet's Collection Bureau.   From an order vacating a judgment for defendant and granting a new trial, defendant appeals.   Order reversed.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

A. Frank Cowen, of New York City (Bernard Cowen, of New York City, of counsel), for appellant.

I. Gainsburg, of New York City, for respondent.

LEHMAN, J.   The plaintiff brought an action against the defendant, and at the trial he sought to prove his case by showing that one of the defendant's directors had made certain admissions in regard to the collection of moneys.   In order to prove that the person making these alleged admissions was a director of the defendant, he called this man as his own witness, and this witness flatly denied that he was a director.   The trial justice thereupon dismissed the complaint, for failure of proof, without prejudice to a new action.   Thereafter the plaintiff procured the original certificate of the defendant's incorpora-

tion, which showed that the witness was one of the original directors. This certificate was executed over a year before the trial. The plaintiff then moved for a new trial on the ground of newly discovered evidence, and this motion was granted. The defendant now appeals from this order.

[1, 2] There seem to me to be two reasons why a new trial should not have been granted. The judgment was not granted upon the merits, but for failure of proof. The plaintiff knew in advance that he must prove that the person making the alleged admission was a director. He presented this man as his own witness, and though he had a right to contradict this witness he could not impeach his credibility. This witness has testified that he was not a director at the time when the alleged admission was made. He was not asked, nor is it material, whether he was a director at the time of the incorporation. If a new trial takes place, and the plaintiff presents the certificate of incorporation, such evidence would not establish the material element of the plaintiff's case that this man was a director at the time the alleged admission was made, especially in view of the explanation that he became a director only for the purpose of incorporation and never served thereafter. Even with that paper in the record, there would still be a failure of proof on this material point.

[3, 4] Moreover, I do not think that this certificate can properly be called newly discovered evidence, even if it would change the result. The plaintiff would have "discovered" it before the trial, if he had thought he would need it. He thought, however, that he would not need it, because he could furnish evidence on the same point through the alleged director. He failed to get this proof from his witness, and therefore the case was dismissed. In effect, therefore, the plaintiff is asking the court to grant him a new trial to put in evidence to supply a defect in his previous proof. Where a party chooses to rely upon an adverse witness to supply a necessary link in his chain of evidence, and then finds that his confidence was misplaced, he should not be granted a new trial to supply other evidence which he could have obtained before the trial. The plaintiff does not seriously dispute these rules, but claims that by means of this certificate he can cross-examine the witness and show that his testimony was perjured. Unfortunately, however, for the plaintiff, the witness whom he desires to cross-examine is his own witness, and the judgment rests, not upon fraudulent testimony, but upon an actual failure of proof.

Order should therefore be reversed, with $30 costs, and motion denied, and judgment of dismissal reinstated. All concur.